STATE OF VERMONT

SUPERIOR COURT  　　　　　　　　　　　CIVIL DIVISION
RUTLAND UNIT  　　　　　　　　　　　　DOCKET NO.

VERMONT MUTUAL INSURANCE  　　　　USDC - DVT
COMPANY,  　　　　　　　　　　　　　　5:20-cv-141
　　Plaintiff

　　　　　　　v.

ATAIN SPECIALTY INSURANCE
COMPANY, AMBERLY BONILLA
and her two Minor Children, E.S. and B.F.,
HOUSING TRUST OF RUTLAND
COUNTY, INC., and RUTLAND REHAB
LIMITED PARTNERSHIP,
　　Defendants

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, VERMONT MUTUAL INSURANCE COMPANY, by and through counsel, HAYES, WINDISH & BADGEWICK, and hereby COMPLAINS and ALLEGES of Defendants ATAIN SPECIALTY INSURANCE COMPANY, AMBERLY BONILLA and her two Minor Children, E.S. and B.F., HOUSING TRUST OF RUTLAND COUNTY, INC., and RUTLAND REHAB LIMITED PARTNERSHIP as follows.

1. Plaintiff Vermont Mutual Insurance Company ("VMIC") is a corporation organized under the laws of the State of Vermont.

2. At all times relevant hereto, VMIC was and is an insurance company licensed to do business in Vermont.

3. Upon information and belief, Defendant Atain Specialty Insurance Company ("ASIC") is a corporation organized under the laws of the State of Texas.

4. At all times relevant hereto, ASIC was and is an insurance company licensed to

00355596

HAYES,
WINDISH &
BADGEWICK

43 Lincoln Corners Way,
Suite 205
Woodstock, Vermont 05091
802.457.2123

business in Vermont.

5. Upon information and belief, Defendants Amberly Bonilla and her two minor children, E.S. and B.F., are individuals residing in the City of Rutland, Vermont.

6. Defendant Housing Trust of Rutland County, Inc. ("HTRC") is a non-profit corporation organized under the laws of the State of Vermont.

7. Defendant Rutland Rehab Limited Partnership ("RRLP") is a limited partnership organized under the laws of the state of Vermont. HTRC is a Limited Partner in RRLP.

8. Defendant HTRC is an insured entity which owns two policies of insurance at issue in the instant matter. The first is a VMIC commercial general liability policy bearing policy number BP11016815, with effective dates of January 1, 2017 to January 1, 2018. The VMIC policy is issued to the named insured "Rutland Rehab Limited Partnership c/o HTRC."

9. The second policy at issue is a non-profit professional liability policy issued by ATIC, bearing policy number NDA00885, with effective dates of March 2, 2018 to March 2, 2019. The ATIC policy's named insured is "Housing Trust of Rutland County, Inc."

10. Henceforth, "Rutland Rehab Limited Partnership c/o HTRC" and "Housing Trust of Rutland County, Inc." shall be collectively referred to as "Housing Trust."

11. Housing Trust has been sued in a separate action pending in this Court,

captioned as ***Amberly Bonilla and her two Minor Children, E.S. and B.F. v. Housing Trust of Rutland County, Inc.***, Rutland Superior Court Docket No. 268-5-18 Rdcv ("underlying lawsuit").

12. The allegations in the case arise from Defendants Bonilla's claim that there was an infestation of rats in a building in which she was a tenant, which caused property damage and personal injuries. Defendant Bonilla also alleges constructive eviction and unfair treatment on the part of Housing Trust.

13. A copy of the complaint in the underlying lawsuit is attached hereto as Exhibit A.

14. When the underlying lawsuit was filed, ATIC provided a defense to Housing Trust pursuant to a reservation of rights. A copy of the reservation of rights, dated March 19, 2019, is attached hereto as Exhibit B.

15. Subsequently, VMIC joined in the defense of Housing Trust in the underlying action.

16. When VMIC joined in the defense, ATIC withdrew its defense, claiming, *inter alia*, that:

    a. VMIC's policy triggered the "other insurance" of its policy, rendering the ATIC policy excess of the VMIC policy;

    b. Because the VMIC policy provides coverage for "bodily injury" and "personal injury," one or more of the ATIC policy exclusions operates to exclude coverage entirely.

17. However, ATIC did not address the fact that its policy provides professional

HAYES,
WINDISH &
BADGEWICK

43 Lincoln Corners Way,
Suite 205
Woodstock, Vermont 05091
802.457.2123

00355596

3

liability coverage that is triggered by the allegations in the underlying case.

18. A copy of ATIC's disclaimer, dated December "___", 2019 [sic], is attached hereto as Exhibit C.

19. Despite furnishing a defense based on the complaint as received by it when the action was filed, at no time has ATIC sought a declaration of coverage to determine the limits of its coverage.

20. The undersigned coverage counsel for VMIC has corresponded with coverage counsel for ATIC in an effort to seek ATIC's re-engagement in the defense of the underlying case. To date, those efforts have not been successful.

21. Curiously, however, in a May 29, 2020 letter from ATIC's coverage counsel, it is acknowledged that:

> "the Atain Policy does not cover the same loss or damage. As set forth in my December 4, 2019 letter, the Atain Policy is a non-profit professional liability policy under which there is no coverage for any claim alleging direct, indirect, or consequential damages arising from or caused by bodily injury, personal injury, sickness, disease, or death. The Vermont Mutual Policy is a general liability policy that applies to, among other risks, bodily injury and personal injury as alleged in the Bonilla Lawsuit."

A copy of the May 29, 2020 letter is attached hereto as Exhibit D.

22. It is VMIC's position that the coverage afforded by the ATIC policy is complementary to the coverage under the VMIC policy.

23. It is also VMIC's position that the "other insurance" provision in the ATIC does not eliminate its obligation to furnish a defense in the underlying case.

24. Accordingly, a justiciable dispute exists between the parties as to ATIC's rights

HAYES,
WINDISH &
BADGEWICK

43 Lincoln Corners Way,
Suite 205
Woodstock, Vermont 05091
802.457.2123

00355596

4

and obligations under its policy, and its obligation to provide a defense to the underlying case. VMIC embraces its view of the ATIC and applicable law in good faith and seeks judicial intervention for a resolution of the dispute.

25. Declaratory relief from this Court as requested would terminate all of the uncertainty or controversy between the parties.

26. VMIC has no other adequate remedy at law.

27. VMIC is defending its insured Housing Trust in the underlying action pursuant to a properly executed reservation of rights, and is not hereby waiving further action to determine its' indemnity obligations pursuant to its policy of insurance at a later date, when such issues become ripe for adjudication.

WHEREFORE, Plaintiff VMIC seeks a judgment from this Court pursuant to 12 V.S.A. § 471, declaring the rights and liabilities of the parties and declaring that ATIC has a duty to defend the underlying case. VMIC further seeks an order that ATIC owes it reimbursement for half of all defense costs spent to date, and for all such other relief as this Court deems just and appropriate under the circumstances.

DATED at Woodstock, Vermont, this 1ST day of September, 2020.

*/s/ Richard Windish*
Richard Windish, Esq.
**HAYES, WINDISH & BADGEWICK**
43 Lincoln Corners Way, Suite 205
Woodstock, Vermont 05091
802.457.2123, fax 457.3656
rwindish@woodstockvtlaw.com
ATTORNEYS FOR PLAINTIFF
VERMONT MUTUAL INSURANCE
COMPANY

HAYES,
WINDISH &
BADGEWICK

43 Lincoln Corners Way,
Suite 205
Woodstock, Vermont 05091
802.457.2123

00355596

5